UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LESLIE ROSEN,                                    18 Civ.

        Plaintiff,

  - against -                                   COMPLAINT

MONTEFIORE HEALTH SYSTEM,                        PLAINTIFF DEMANDS
                                                 TRIAL BY JURY IN
        Defendant.                           THIS ACTION
----------------------------------------X

      Plaintiff Leslie Rosen ("Rosen"), by her attorneys, Lichten & Bright, P.C., complains of defendant Montefiore Health System ("Montefiore" or "the hospital"), as follows:

JURISDICTION AND VENUE

      1. This is an action brought to remedy unequal pay on the basis of sex, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"); the New York Labor Law ("Labor Law"); and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code").

      2. Jurisdiction of this Court is invoked pursuant to U.S.C. §§ 1331, 1343(a)(4), and 1367.

      3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §§ 2000e-5(f), (g)(1), and (g)(2)(B)(i). Compensatory

damages are sought pursuant to 42 U.S.C. § 1981a, 29 U.S.C. § 216(b), Executive Law § 297(9), Labor Law § 198(1-a), and Administrative Code § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. § 1981a and Administrative Code § 502(a). Liquidated damages are sought pursuant to 29 U.S.C. 216(b) and Labor Law § 198(1-a).

4. Costs and attorney fees are sought pursuant to 42 U.S.C. § 2000e-5(g)(2)(B)(i) and (k), 29 U.S.C. § 216(b), Labor Law § 198(1-a), and Administrative Code § 502(a).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 6, 2017. The EEOC, in a document received by plaintiff no earlier than June 28, 2018, issued plaintiff a notice informing her of her right to sue defendant. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

PARTIES

7. Rosen was employed as a Human Resources Business Partner by defendant from October 18, 2010, until September 5, 2017. Rosen is female.

8. Defendant is a health care provider. Defendant's principal place of business is in the Bronx, New York.

FACTS

9. Throughout plaintiff's employment by Montefiore, her work performance was exemplary.

10. At Montefiore, Rosen supervised, among other employees, Manager Scott Kalish.

11. Kalish, who is male, served in a lower grade than Rosen, had less skills than Rosen, and did not perform his job responsibilities as well as Rosen. While Rosen has earned a Master's Degree and a Master of Business Administration Degree, Kalish has achieved only a Bachelor's Degree.

12. In or around 2014, Montefiore management removed Kalish from a major project for poor performance.

13. In 2010, Montefiore paid Kalish $13,531 more than Rosen. In 2011, the hospital paid Kalish $34,125 more than Rosen. The pay gaps for the following years are $25,755; $21,378; $21,378; $25,378; $26,519; and $20,016, for a total of $188,080 from October 2010 to September 2017. Rosen's direct supervisor and the Senior Vice President for Human Resources both stated that Kalish's pay was a "mistake."

14. In 2017, Montefiore promoted Kalish to Assistant Director, a position for which Rosen had applied.

15. Sex bias at the hospital, exemplified for instance by a virtually male-only annual golf tournament, is pervasive. At a staff meeting in 2012, Rosen's supervisor announced that a

hospital-wide salary review uncovered widespread pay inequity by sex.

## FIRST CAUSE OF ACTION

16. Defendant, by paying Rosen's male subordinate more than Rosen and by denying Rosen a promotion because she is a woman, discriminated against Rosen on the basis of sex. By its acts and practices described above, defendant has violated Title VII.

17. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

## SECOND CAUSE OF ACTION

18. Defendant discriminated against Rosen on the basis of sex by paying higher wages to her male subordinate for equal or less work on jobs the performance of which requires equal or less skill, effort, and responsibility, and which are performed under similar working conditions. By its acts and practices described above, defendant has violated the the EPA.

19. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until

this Court grants relief. Defendant willfully engaged in these discriminatory practices.

### THIRD CAUSE OF ACTION

20. Defendant paid Rosen less than her male subordinate and did not promote Rosen because of her sex. By its acts and practices described above, defendant has violated the Human Rights Law.

21. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

### FOURTH CAUSE OF ACTION

22. Defendant discriminated against Rosen on the basis of sex by paying higher wages to her male subordinate for equal or less work on jobs the performance of which requires equal or less skill, effort, and responsibility, and which are performed under similar working conditions. By its acts and practices described above, defendant has violated Labor Law § 194.

23. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant willfully engaged in these discriminatory practices.

FIFTH CAUSE OF ACTION

24. Defendant paid Rosen less than her male subordinate and did not promote Rosen because of her sex. By its acts and practices described above, defendant has violated the Administrative Code.

25. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

ON THE FIRST CAUSE OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of Title VII;

(b) enjoining and permanently restraining these violations of Title VII;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendant to place plaintiff in the position she would have continued to occupy but for defendant's

discriminatory treatment of her, and make her whole for all earnings she would have received but for defendant's discriminatory and treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e) directing defendant to pay plaintiff compensatory and punitive damages and damages for her mental anguish and humiliation;

(f) awarding plaintiff reasonable attorney fees and the costs of this action;

(g) awarding plaintiff whatever other relief the Court deems just and proper;

## ON THE SECOND CAUSE OF ACTION

(h) awarding plaintiff compensatory damages in an amount not yet ascertained;

(i) awarding plaintiff liquidated damages in an amount equal to the wages due;

(j) awarding plaintiff reasonable attorney fees and the costs of this action;

## ON THE THIRD CAUSE OF ACTION

(k) awarding plaintiff compensatory damages in an amount not yet ascertained;

(l) awarding plaintiff reasonable attorney fees and the costs of this action;

## ON THE FOURTH CAUSE OF ACTION

(m) awarding plaintiff compensatory damages in an amount not yet ascertained;

(n) awarding plaintiff liquidated damages in an amount equal to treble the wages due;

(o) awarding plaintiff reasonable attorney fees and the costs of this action;

## ON THE FIFTH CAUSE OF ACTION

(p) awarding plaintiff compensatory and punitive damages in an amount not yet ascertained; and

(q) awarding plaintiff reasonable attorney fees and the costs of this action.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: New York, New York
       July 3, 2018

Stuart Lichten (SL-1258)
LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff
373 Park Avenue South - 9th Fl.
New York, New York  10016
(646) 588-4872